[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 28, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-11183
Non-Argument Calendar

_____

D. C. Docket No. 06-60700-CV-FAM

NORA SUE TINGLE,
an individual,
JAMES MICHAEL TINGLE,
an individual,

Plaintiffs-Appellants,

versus

WALTER LEE BANKS,
an individual,
LAGO MAR REALTY, INC.,
a Florida corporation,
COCOS DEL PARAISO SA,
a foreign corporation,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(August 28, 2007)**

Before BIRCH, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Plaintiffs Nora and Michael Tingle appeal the district court order dismissing their case on forum non conveniens grounds. This case arises out of an injury to Nora Tingle which occurred when she fell from a cliff while on vacation in Costa Rica. The Tingles allege that the vacation was arranged by Walter Lee Banks as an agent for Lago Mar Realty and the injury occurred on land owned by Cocos Del Paraiso SA. We review a dismissal on these grounds for an abuse of discretion. *SME Racks, Inc. v. Sistemas Mecanicos Para Electronica, S.A.*, 382 F.3d 1097, 1100 (11th Cir. 2004). Under this standard, a district court's decision deserves deference where it has considered all relevant public and private interest factors and its balancing is reasonable. *Id.*

Here we can find no abuse of discretion because the district court considered all the relevant factors including the presumption in favor of the plaintiff's choice of forum in making its determination. The moving party has the burden to "demonstrate that (1) an adequate alternative forum is available, (2) the public and private factors weigh in favor of dismissal, and (3) the plaintiff can reinstate his suit in the alternative forum without undue inconvenience or prejudice." *Leon v. Million Air, Inc.,* 251 F.3d 1305, 1311 (11th Cir. 2001). Costa Rica provides an

adequate forum and the Tingles can reinstate their lawsuit there without prejudice, given that the defendants have agreed to submit to the court's jurisdiction and the defendants are amenable to process there. *See Leon*, 251 F.3d at 1311. Furthermore, the district court engaged in a reasonable analysis of the public and private interests involved, and applied the presumption in favor of the plaintiff's choice of forum. Therefore, we affirm the district court's order dismissing this action for forum non conveniens.

**AFFIRMED.**