[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-13441
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 23, 2012
JOHN LEY
CLERK

D.C. Docket No. 1:10-cv-23755-PAS

TONI LYNN BELL, as Personal Representative
of the Estate of Paul Neil Bell, Deceased,

Plaintiff-Appellant,

versus

KERZNER INTERNATIONAL LIMITED,
a Bahamian company,
ISLAND HOTEL COMPANY LIMITED,
a Bahamian company,
PARADISE ISLAND LIMITED,
a Bahamian company,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 23, 2012)

Before MARCUS, MARTIN, and COX, Circuit Judges.

PER CURIAM:

Toni Lynn Bell ("Bell"), as Personal Representative of the Estate of her husband Paul Neil Bell, filed suit in the district court for the Southern District of Florida against Kerzner International Limited, Island Hotel Company Limited, and Paradise Island Limited (collectively the "Kerzner Defendants"). The complaint alleges that the Kerzner Defendants own and operate the Atlantis Resort (the "Resort") located on Paradise Island, Bahamas. Bell seeks relief for the Kerzner Defendants' negligent response to a medical emergency Paul Bell experienced at the Resort.

The Bells traveled from their home in California to the Resort for the 2009 Miss Universe Pageant. Paul Bell was hired to work on the pageant's production team. When the Bells checked into the Resort they signed an agreement on the back of a guest registration form that contained a clause selecting the Supreme Court of the Bahamas as the exclusive venue for certain claims that might arise against the Kerzner Defendants.

After Bell filed suit in the Southern District of Florida, the Kerzner Defendants filed a motion to dismiss the complaint based on the forum selection clause in the guest registration form. In the alternative, the motion to dismiss argued that the doctrine of *forum non conveniens* warranted dismissal of the complaint so that the

case could be tried in the Bahamas. The district court granted the motion to dismiss on both of these grounds. Bell appeals, challenging this order.

Bell raises two issues on appeal: whether the court erred by dismissing the action based on (1) the forum selection clause or (2) *forum non conveniens*. We decide that the district court did not abuse its discretion by dismissing the action on grounds of *forum non conveniens*. Because this provides an adequate basis for the court's dismissal, we need not address whether the court erred in its forum selection clause analysis.

"This Court 'may only reverse a district court's dismissal based on *forum non conveniens* if it constitutes a clear abuse of discretion.'" *Wilson v. Island Seas Invs., Ltd.*, 590 F.3d 1264, 1268 (11th Cir. 2009) (quoting *Aldana v. Del Monte Fresh Produce N.A., Inc.*, 578 F.3d 1283, 1288 (11th Cir. 2009)). When applying this standard, we must affirm unless we find "that the district court has made a clear error of judgment, or has applied the wrong legal standard." *Id.* at 1269 (quoting *Aldana*, 590 F.3d at 1288). "Where the court has considered all relevant public and private interest factors, and where its balancing of these factors is reasonable, its decision deserves substantial deference." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257, 102 S. Ct. 252, 266 (1981) (citations omitted).

The familiar *forum non conveniens* analysis requires that the trial court consider: (1) whether an adequate alternative forum exists;[1] (2) whether the private interest factors favor the alternative forum, "weighing in the balance a strong presumption against disturbing plaintiffs' initial forum choice"; (3) if the balance of private interests is at or near equipoise, whether the public interest factors tip the balance in favor of the alternative forum; and (4) whether "plaintiffs can reinstate their suit in the alternate forum without undue inconvenience or prejudice." *Aldana*, 578 F.3d at 1289-90 (citations omitted). Bell primarily argues that the district court erred by failing to afford her choice of forum substantial deference.

Bell is correct that "this Circuit [has] long mandated that district courts 'require positive evidence of unusually extreme circumstances, and should be thoroughly convinced that material injustice is manifest before exercising any such discretion as may exist to deny a United States citizen access to the courts of this country.'" *SME Racks, Inc. v. Sistemas Mecanicos Para Electronica, S.A.*, 382 F.3d 1097, 1101 (11th Cir. 2004) (quoting *La Seguridad v. Transytur Line*, 707 F.2d 1304, 1308 n.7 (11th Cir. 1983)). However, Bell's assertion that the district court failed to apply that standard in this case is incorrect. At the beginning of the district court's discussion of the private interest factors, it recognized there was a "strong presumption" in favor

---

[1] Bell has agreed that this factor is not at issue.

of the plaintiff's choice of forum. (Dkt. 55 at 9.) Then, in its balance of the private interest factors, the court concluded that retaining the case in the plaintiff's chosen forum would "create manifest injustice." (*Id*. at 21.) In fact, the court found that the majority of the private interest factors favored a Bahamian forum and it was only the strong presumption in favor of the plaintiff's forum that brought the balance of these factors to equipoise.

As evidence of the district court's application of the wrong legal standard, Bell cites the following sentence from the court's order: "However, the presumption that a plaintiff's chosen forum is appropriate is diminished somewhat when a plaintiff chooses to sue in a forum in which she does not reside." (*Id*. at 9.) Bell argues this statement contravenes our precedent in *Wilson v. Island Seas Investments, Ltd.* In *Wilson*, however, we said that a district court considering contacts between a domestic forum and a foreign forum errs if it only considers the contacts the case has with a single judicial district. *Wilson*, 590 F.3d at 1271. The court held that the district court should analyze the contacts with the United States as a whole.[2] *Id. Wilson* does not address the error Bell is claiming here. Despite the statement Bell disagrees with, the district court continued to apply and repeatedly reaffirmed the

---

[2] The district court also adhered to the dictates of our decision in *Wilson*. For example, in the court's discussion of the cost of obtaining attendance of willing witnesses, it considered witnesses' contacts with the Bahamas or the United States as whole. (Dkt. 55 at 11-12.)

5

strong presumption in favor of the plaintiff's choice of forum. It did not deviate from the dictates of our precedent and applied the correct legal standard.

Bell also asserts that the district court improperly placed the burden on her to demonstrate that she would be prejudiced if the case were tried in the Bahamas. This argument misrepresents the district court's order. The court found that the defendants would be prejudiced if the case continued in the plaintiff's choice of forum. This finding was based on the Kerzner Defendants' evidence that they would be unable to implead third-party tortfeasors and that the court would be unable to compel the testimony of essential non-party witnesses. Of course, the court also decided that Bell would not suffer undue prejudice if she refiled the action in the Bahamas. But, the *forum non conveniens* analysis mandated that the court reach this conclusion. *See Aldana*, 578 F.3d at 1290 (citations omitted). The court never shifted the burden to Bell to support her choice of forum.

Bell's other assertions of error essentially ask this court to reweigh the relevant factors to reach a different result than the district court. But, our standard of review requires that we not "substitute[] [our] judgment for that of the District Court." *Piper Aircraft Co.*, 454 U.S. at 257, 102 S. Ct. at 267. The district court considered the relevant public and private interest factors, and reasonably balanced those factors in

6

a thoughtful and well-reasoned opinion.  It did not abuse its discretion by dismissing

Bell's case.

     AFFIRMED.