[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15210
Non-Argument Calendar
_____

D.C. Docket No. 6:12-cv-00148-GKS-KRS


DAVID GOLDSTEIN,
MARION GOLDSTEIN, spouse,

                                                    Plaintiffs - Appellants,

versus

HARD ROCK CAFE INTERNATIONAL (USA), INC.,
PALACE HOLDING, S.A. DE C.V.,
PALACE RESERVATIONS, S.A. DE C.V.,
d.b.a. Palace Resorts,
PALACE RESORTS TRAVEL, INC.,
INVERSIONES ZAHENA, S.A.,
HOLDING INTERNACIONAL, S.A. DE C.V.,
d.b.a. Hard Rock Hotel & Casino Punta Cana,

                                                    Defendants - Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(May 20, 2013)

Before HULL, JORDAN and KRAVITCH, Circuit Judges.

PER CURIAM:

David and Marion Goldstein filed suit in the Middle District of Florida against Hard Rock Cafe International (USA), Inc.; Palace Holding, S.A. de C.V.; Palace Reservations, S.A. de C.V.; Palace Resorts Travel, Inc.; Inversiones Zahena, S.A.; and Holding Internacional, S.A. de C.V., (collectively, the defendants) based on injuries they sustained as a result of David Goldstein's slip-and-fall in the Dominican Republic.[1]  The district court granted the defendants' motion to dismiss based on *forum non conveniens* so that the case could be tried in the Dominican Republic.  After thorough review, we affirm.

David Goldstein slipped and fell on a walkway at the Hard Rock Hotel & Casino Punta Cana (the Resort) in the Dominican Republic while a guest there. The Goldsteins sued the defendants — who owned, operated, and managed the Resort — for negligence, seeking damages for David Goldstein's resulting injuries, which necessitated knee-replacement surgery, and for Marion Goldstein's subsequent loss of consortium.  The defendants filed a motion to dismiss based on *forum non conveniens*, arguing that the suit should be tried in the Dominican Republic.  The district court granted the motion — on the condition that the

---

[1] We grant the Goldsteins' unopposed motion to amend the complaint to reflect the places of incorporation and principal places of business of each of the defendants.  *See* 28 U.S.C. § 1653. There is complete diversity of citizenship and, thus, the district court had jurisdiction.  28 U.S.C. § 1332.

2

defendants submit to the jurisdiction of a Dominican court, waive any statute of limitations defense, and make witnesses and evidence available to the Goldsteins — finding that the Dominican Republic was an available and adequate alternative forum and the balance of private and public interest factors weighed heavily in favor of dismissal.  This is the Goldsteins' appeal.

We review the district court's decision to dismiss a suit based on *forum non conveniens* for an abuse of discretion.  *SME Racks, Inc. v. Sistemas Mecanicos Para Electronica, S.A.*, 382 F.3d 1097, 1100 (11th Cir. 2004).  "[W]here the court has considered all relevant public and private interest factors, and where its balancing of these factors is reasonable, its decision deserves substantial deference."  *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257 (1981).  To obtain dismissal based on the inconvenience of the forum, defendants must "demonstrate that (1) an adequate alternative forum is available, (2) the public and private factors weigh in favor of dismissal, and (3) the plaintiff[s] can reinstate [their] suit in the alternative forum without undue inconvenience or prejudice."  *Leon v. Millon Air, Inc.*, 251 F.3d 1305, 1311 (11th Cir. 2001).  The Goldsteins do not dispute that the Dominican Republic is an adequate alternative forum where they may reinstate their suit, but they argue the district court abused its discretion in dismissing their suit because it erroneously weighed the public and private factors.

3

"[W]ith regard to the weighing of the private interests, the plaintiffs' choice of forum should rarely be disturbed unless the balance is strongly in favor of the defendant." *SME Racks, Inc.*, 382 F.3d at 1101 (internal quotation marks omitted). Relevant private factors include the "relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; . . . and all other practical problems that make trial of a case easy, expeditious and inexpensive." *Piper Aircraft Co.*, 454 U.S. at 241 n.6 (internal quotation marks omitted).

The record supports the district court's conclusion that the private factors strongly support dismissal. Two doctors who treated David Goldstein shortly after he fell cannot be compelled to testify in a U.S. court because they reside in the Dominican Republic and are not employed by the defendants. *See United States v. Drogoul*, 1 F.3d 1546, 1553 (11th Cir. 1993) (citing 28 U.S.C. § 1783). Six other potential witnesses reside in the Dominican Republic, although the Goldsteins identified four potential witnesses who reside in the U.S. The district court reasonably found that access to the witnesses in the Dominican Republic was more important. The Goldsteins' witnesses could only testify to the fall they witnessed, which would likely be duplicative of David Goldstein's testimony. The witnesses in the Dominican Republic, on the other hand, are likely the only potential witnesses who could testify to the maintenance history of the walkway area where

4

Goldstein fell.  The district court also found that documentary evidence is located in the Dominican Republic, including the two doctors' medical records which cannot be subpoenaed from third-parties in the Dominican Republic.

The Goldsteins argue that the district court erroneously balanced the private factors because it failed to consider the presumption in favor of a plaintiff's forum choice.  The district court, however, explicitly stated that it "analyze[d] the private interest factors in light of the presumption in favor of the Plaintiffs' choice of forum" and concluded that "the balance of the private interest factors . . . outweighs the presumption for the Plaintiffs' choice of forum."  The Goldsteins also contend the district court failed to consider the financial hardship they would suffer if they were required to bring suit in the Dominican Republic.  But they do not refute the district court's conclusion that, because the Goldsteins' witnesses reside in New Jersey and would have to travel either to Florida or the Dominican Republic for this suit, there would be little difference between travel costs and inconveniences regardless of which forum was chosen.

The record also supports the district court's conclusion that the public factors weigh in favor of dismissal.  Relevant public factors include "the local interest in having localized controversies decided at home; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the

5

application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty." *Piper Aircraft Co.*, 454 U.S. at 241 n.6 (internal quotation marks omitted).

Although they do not concede the point, the Goldsteins do not seriously contest the district court's well-reasoned conclusion that Dominican law would probably apply. A Florida district court likely is not "at home" with Dominican law, nor would a jury be familiar with applying this foreign law. And because the slip-and-fall happened in the Dominican Republic, the district court correctly considered the Dominican Republic's significant interest in deciding a controversy arising from occurrences on its own soil.[2]

The district court considered and reasonably balanced the relevant public and private interest factors. Thus, the court did not abuse its discretion in dismissing this case based on *forum non conveniens*.

**AFFIRMED.**

---

[2] The Goldsteins argue that the district court erred by not considering the U.S. interest in providing a forum for U.S. citizen plaintiffs in its public-factor analysis. In its private-factor analysis, the district court found that "the balance of the private interest factors . . . outweighs the presumption for the Plaintiffs' choice of forum." Although we have indicated that the U.S. interest in providing a forum for its citizens is a factor that should be considered when weighing the public factors, we have never held that a district court abuses its discretion by failing to discuss that factor in the public-factor analysis. *See SME Racks, Inc.*, 382 F.3d at 1104. And the Goldsteins have not demonstrated how express consideration of that factor again after careful consideration in the private-factor analysis would change the result of the public-factor analysis.