[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-13784
Non-Argument Calendar
_____

D. C. Docket No. 1:11-cv-23898-PAS

GUADALUPE GALLEGO OCHOA,
GUADALUPE ARANZAZU GAYOSSO GALLEGLO, an alien,

Plaintiffs-Appellants,

versus

EMPRESAS ICA, S.A.B. DE CV,
an alien corporation,
PEDRO TOPETE VARGA,
an alien,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____
(April 28, 2015)

Before TJOFLAT, JULIE CARNES, and ANDERSON, Circuit Judges.

PER CURIAM:

Plaintiffs Guadalupe Gallego Ochoa ("Gallego") and Guadalupe Aranzazu Gayosso Gallego ("Gayosso") appeal dismissal of their case for forum non conveniens.  Gallego and Gayosso allege that a Mexican corporation, Empresas ICA, S.A.B. DE CV ("ICA"), and a Mexican national, Pedro Topete Varga ("Topete"), defrauded them through a carousel scheme related to a Mexican highway project.  After careful review of the briefs and the record, we affirm.

We write primarily for the parties, so we assume they are familiar with the intricacies of the case.  In summary, the complaint alleges that Gallego, Gayosso, and Topete were all business partners in Viabilis Infraestructura, S.A. de C.V. ("Viabilis").  The Mexican government granted the rights to a highway project ("Project") to Viabilis, and Gallego secured financing for the pre-project studies. Topete and Gallego granted ICA an equity participation interest in the Project in exchange for $20 Million.  Gallego obtained a loan from a Spanish bank that ICA executives paid off without his knowledge.  Topete and others then used fraudulent documents to obtain control over all equity shares of the Project.  With the Project under their control, Topete and ICA used false accounting to divert funds from the Project and defraud the Mexican government.

Plaintiffs argue that the district court erred both by dismissing the case for forum non conveniens and by denying their motion for reconsideration on the

2

matter.  Specifically, the district court excluded evidence pertinent to the Plaintiffs' ability to safely litigate the dispute in Mexico and discredited safety concerns in its analysis.  We review a district court's dismissal for <u>forum non conveniens</u> for a "clear abuse of discretion."  <u>Membreno v. Costa Crociere S.p.A.</u>, 425 F.3d 932, 935-36 (11th Cir. 2005).  The Court reviews a district court's denial of a motion for reconsideration under Federal Rule of Civil Procedure 59 for abuse of discretion.  <u>Lockard v. Equifax, Inc.</u>, 163 F.3d 1259, 1267 (11th Cir. 1998).

To sustain dismissal pursuant to the <u>forum non conveniens</u> doctrine, a defendant must establish that "(1) an adequate alternative forum is available, (2) the public and private factors weigh in favor of dismissal, and (3) the plaintiff can reinstate his suit in the alternative forum without undue inconvenience or prejudice."  <u>Tazoe v. Airbus S.A.S.</u>, 631 F.3d 1321, 1330 (11th Cir. 2011).  A defendant invoking <u>forum non conveniens</u> bears a heavy burden in opposing a plaintiff's choice of forum.  <u>See</u> <u>SME Racks, Inc. v. Sistemas Mecanicos Electronica, S.A.</u>, 382 F.3d 1097, 1101 (11th Cir. 2004) (stating that the balancing of factors must strongly favor a defendant).

Without rehashing the entire dismissal order, we note that the district court thoroughly weighed the facts in analyzing the three above requirements while showing sensitivity to the strong preference in favor of the Plaintiffs' choice of forum.  The district court also carefully considered the Plaintiffs' fear of litigating

3

in Mexico, and when new evidence related thereto was proffered on motion to reconsider, the district court granted leave for Plaintiffs to depose Ms. Monserrat. We cannot conclude that the district court abused its discretion in this regard. Given the nature of the underlying dispute (including allegations of fraud against the Mexican government), the location of witnesses and evidence, the availability of Mexican courts, and the Defendants' assent to jurisdiction in Mexico,[1] we cannot say that the district court abused its discretion by dismissing the case for forum non conveniens.

The decision whether to reconsider an order pursuant to Federal Rule of Civil Procedure 59(e) is "committed to the sound discretion of the district judge." Mincey v. Head, 206 F.3d 1106, 1137 (11th Cir. 2000). In analyzing the motion for reconsideration, the district court provided additional justification for its decision to dismiss for forum non conveniens. Contrary to the Plaintiffs' contention, the district court did not wrongfully exclude evidence of danger to the Plaintiffs in Mexico; rather, the district court concluded that some of the information presented for reconsideration could have been presented in opposition to the initial motion to dismiss. And, as noted above, the district court even permitted limited discovery with respect to the assault on Ms. Monserrat. Furthermore, the fact that the district court discussed all of the Plaintiffs' purported

---

[1] The district court conditioned the dismissal upon the Plaintiffs being able to reinstate this action in Mexico. If Plaintiffs are unable to do so, the district court will reactivate the action.

new evidence demonstrates a reasoned decision to uphold its previous ruling.  The district court did not abuse its discretion in denying the motion for reconsideration.

AFFIRMED.