[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-13023
Non-Argument Calendar
_____

D.C. Docket No. 1:19-cv-04775-SDG

KABEYA BINTU,

Plaintiff - Appellant,

versus

DELTA AIR LINES, INC.,
KONINKLIJKE LUCHTVAART MAATSCHAPPIJ N.V.,
a.k.a. KLM Royal Dutch Airlines,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(July 19, 2021)

Before WILSON, GRANT, and LAGOA, Circuit Judges.

PER CURIAM:

Kabeya Bintu, a German resident proceeding pro se, appeals the dismissal of his personal injury action under the Convention for the Unification of Certain Rules for International Carriage by Air (Montreal Convention) on forum non conveniens grounds.

On October 23, 2019, Bintu filed an action in the Northern District of Georgia against Delta Airlines, Inc. (Delta) and KLM Royal Dutch Airlines (KLM), alleging a personal injury claim under the Montreal Convention. The district court dismissed the action because it determined that Germany provided an adequate alternative forum to bring the case, that private and public factors weighed in favor of dismissing the case, and that Bintu could reinstate the suit in Germany without undue inconvenience or prejudice to him.

We review forum non conveniens dismissals for abuse of discretion. *Leon v. Millon Air, Inc.*, 251 F.3d 1305, 1310 (11th Cir. 2001). We afford the district court substantial deference in its forum non conveniens decisions. *Id.* The party moving for dismissal must demonstrate that an adequate alternative forum is available, public and private factors weigh in favor of dismissal, and the plaintiff can reinstate his suit in the alternative forum without undue inconvenience or prejudice. *Id.* at 1311. There is a strong presumption that the plaintiff's choice of forum is sufficiently convenient, however a weaker assumption applies in cases brought by a foreign plaintiff. *Id.*

The district court did not err in dismissing Bintu's case. It did not abuse its discretion in finding that Germany was an adequate alternative forum. Both Germany and the United States are signatories of the Montreal Convention, which allows a plaintiff to bring a personal injury action (1) in the domicile or principal place of business of one of the defendants, (2) where one of the parties has a place of business through which the contract was made, (3) in the territory where the accident happened, or (4) in the plaintiff's permanent residence if the carrier operates services to or from that location. Bintu resides in Germany and Delta and KLM operate out of Germany. Because of this, Germany can have jurisdiction over Bintu's case. Additionally, both KLM and Delta expressly stated that they will submit to German jurisdiction and are amenable to process in Germany. Other courts have found Germany to be an adequate alternative forum as well, in spite of the differences between common law and civil law jurisdictions. *E.g.*, *Chirag v. MT Marida Marguerite Schiffahrts*, 983 F. Supp. 2d 188, 197 (D. Conn. 2013); *Fagan v. Deutsche Bundesbank*, 438 F. Supp. 2d 376, 382 (S.D.N.Y. 2006).

The district court similarly did not abuse its discretion in determining that both private and public factors weighed in favor of dismissal. As the plaintiff bringing the case, Bintu's choice of forum should be given weight, but that weight is lessened because he is a foreign plaintiff. *Leon*, 251 F.3d at 1314–15. Thus, the district court was correct in considering where the relevant witnesses and

3

documentary evidence are primarily located.  In fact, it is not disputed that known witnesses, including KLM's flight crew, would have to engage in international travel were this suit to proceed in Georgia.  And many of these relevant witnesses and documents are likely outside the Northern District of Georgia's subpoena power as they involve foreign citizens living abroad.  The associated costs of these factors to the private parties, in addition to the time needed to be able to find, translate, and transmit much of the testimony and evidence, weigh in favor of granting dismissal.  *Aldana v. Del Monte Fresh Produce N.A.*, 578 F.3d 1283, 1292–93 (11th Cir. 2009).

For the public interest factors, Germany certainly has an interest in a case where one of its residents is injured.  *Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 953 (11th Cir. 1997).  Other public interest factors also weigh in favor of dismissing this suit so that it may be brought in Germany.  As previously mentioned, were the suit to remain in the United States, testimony would likely need to be translated in some fashion for a jury.  *SME Racks, Inc. v. Sistemas Mecanicos Para Electronica, S.A.*, 382 F.3d 1097, 1101 (11th Cir. 2004).  And Delta's International Conditions of Carriage interaction with the Montreal Convention will likely result in German law being applied to the case.  *BCCI Holdings*, 119 F.3d at 953.  All these factors and costs would put a

4

larger administrative burden on the court here where it has a relatively modest interest in the outcome of the suit.  *SME Racks*, 382 F.3d at 1101.

Finally, there is no indication that Bintu cannot reinstate his suit without undue prejudice or inconvenience.  *Leon*, 251 F.3d at 1310.  Bintu's brief asserts his claim is barred in Germany, but nothing in the record supports that assertion.

Therefore, the district court did not abuse its discretion when it granted Delta and KLM's forum non conveniens motion to dismiss and we affirm.

**AFFIRMED.**