10-5178-ag
Lin v. Holder

BIA
Rohan, IJ
A088 530 572

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of April, two thousand twelve.

PRESENT:
> RALPH K. WINTER,
> JOSEPH M. MCLAUGHLIN,
> REENA RAGGI,
> _Circuit Judges._

_____

RONG LIN,
> _Petitioner,_

> v.                                    10-5178-ag
>                                       NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> _Respondent._

_____

FOR PETITIONER:         Feng Li, Moslemi and Associates, Inc., New York, New York.

FOR RESPONDENT:         Tony West, Assistant Attorney General; M. Jocelyn Lopez Wright, Senior Litigation Counsel; Jason Wisecup, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Rong Lin, a native and citizen of the People's Republic of China, seeks review of a December 3, 2010 order of the BIA denying his motion to remand and affirming the August 31, 2009 decision of Immigration Judge ("IJ") Patricia Rohan, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Rong Lin*, No. A088 530 572 (B.I.A. Dec. 3, 2010), *aff'g* No. A088 530 572 (Immig. Ct. N.Y.C. Aug. 31, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009); *Kaur v. BIA*, 413 F.3d 232, 233-34 (2d Cir. 2005).

The agency's determination that Lin failed to establish a well-founded fear of persecution on account of his violation of China's family planning policy is supported by substantial evidence.  *See* 8 U.S.C. § 1252(b)(4)(B); *Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) ("In the absence of solid support in the record for [an applicant's] assertion that he will be subjected to forced sterilization, his fear is speculative at best.").  In finding that Lin failed to meet his burden of establishing a well-founded fear of persecution on account of his family planning violation, the agency reasonably relied on (1) the fact that Lin's parents had three children without incident, (2) the fact that Lin could not name a single individual that had been forcibly sterilized for violating the country's family planning policy, and (3) the U.S. Department of State's May 2007 Profile of Asylum Claims and Country Conditions for China ("2007 Profile") indicating that the government of China does not use physical coercion to compel sterilization and that Consulate General officials visiting Fujian did not discover any cases of forced sterilization despite such reports.

Although Lin argues that the BIA erred by placing more weight on the 2007 Profile than on the reply letter sent to his father from the the Huangshi Villagers' Committee of Yingqian ("CPC Reply Letter"), "[w]e do not . . . attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency." *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 171 (2d Cir. 2008). Moreover, notwithstanding Lin's argument to the contrary, the agency did not err in giving diminished weight to Lin's CPC Reply Letter, which, as the agency noted, was unauthenticated, issued without a signature, omitted the name of the person on which it was served, and was not mentioned in Lin's father's subsequent statement. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (stating that the weight afforded to the applicant's evidence lies largely within the discretion of the agency).

Moreover, because, as Lin concedes, he failed to "provide any information of a particularized threat" on account of his Christian religious beliefs before the IJ, Pet'r's Br. 18, the agency's determination that Lin failed to establish a well-founded fear of persecution on the basis of his Christian faith is supported by substantial evidence.

4

*See Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008) ("[T]o establish a well-founded fear of persecution in the absence of any evidence of past persecution, an alien must make some showing that authorities in his country of nationality are either aware of his activities or likely to become aware of his activities.").

In addition, the BIA did not abuse its discretion in denying Lin's motion to remand. In finding that Lin failed to establish his *prima facie* eligibility for relief, the BIA reasonably relied on the absence of any objective country conditions evidence in the record regarding China's treatment of underground churches. *See Jian Xing Huang*, 421 F.3d at 129. Although Lin now argues that the BIA should have taken administrative notice of unspecified background materials, it is Lin who bears the burden of demonstrating his entitlement to relief. *See* 8 C.F.R. § 1003.2(c)(1).

Moreover, while Lin did submit evidence indicating Chinese authorities sought him in connection with his support for his local underground church, the BIA did not err in finding that Lin failed to demonstrate his *prima facie* eligibility for asylum. The BIA reasonably determined that the uncorroborated threat of arrest, "when coupled with the facts already of record, and in the absence of evidence

5

of country conditions in China," J.A. 5, was insufficient to establish Lin's *prima facie* eligibility for relief. *See Jian Xing Huang*, 421 F.3d at 129.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk