# Third District Court of Appeal

## State of Florida

Opinion filed April 26, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-1960
Lower Tribunal No. 15-25380

_____

## Taurus International Manufacturing, Inc., et al.,
Appellants,

vs.

## Jason Friend,
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Jerald Bagley, Judge.

Smith, Gambrell & Russell, LLP, and Scott S. Gallagher and Richard D. Rivera (Jacksonville), for appellants.

Morris Haynes Wheeles Knowles & Nelson, and Matthew G. Garmon and M. Todd Wheeles (Birmingham, KY), Bailey & Glasser LLP, and James L. Kauffman (St. Petersburg) and David L. Selby, II (Birmingham, KY), for appellee.

Before ROTHENBERG, LOGUE, and SCALES, JJ.

LOGUE, J.

Taurus International Manufacturing, Inc. and Taurus Holdings, Inc. appeal the trial court's nonfinal order denying their motion to dismiss Jason Friend's products liability claims on the basis of forum non conveniens. We affirm.

Jason Friend is a police officer and resident of Kentucky. He was gifted a Taurus semi-automatic pistol that was purchased in Kentucky in 2008. One day in February 2014, the pistol fell out of Friend's holster. When the pistol hit the ground, it fired and discharged a bullet into Friend's leg, causing multiple injuries. Friend filed a products liability action against Taurus in Miami-Dade County—Taurus' home forum. Taurus filed a motion to dismiss for forum non conveniens, arguing that the action will be fairly and more conveniently litigated in Kentucky. The trial court denied the motion after a hearing, and this appeal followed.

We conclude that the trial court acted well within its discretion in denying the defendants' motion to dismiss. Under Florida Rule of Civil Procedure 1.061(a), the "decision to grant or deny the motion for dismissal rests in the sound discretion of the trial court, subject to review for abuse of discretion." The rule outlines four factors the trial court may consider when ruling on a motion to dismiss for forum non conveniens: (1) whether "an adequate alternate forum exists which possesses jurisdiction over the whole case, including all of the parties"; (2) whether "all relevant factors of private interest favor the alternate forum, weighing in the balance a strong presumption against disturbing plaintiffs' initial forum

choice"; (3) "if the balance of private interests is at or near equipoise," whether "factors of public interest tip the balance in favor of trial in the alternate forum"; and (4) whether the "plaintiffs can reinstate their suit in the alternate forum without undue inconvenience or prejudice." Fla. R. Civ. P. 1.061(a)(1)-(4) (emphasis added); see also Kinney Sys., Inc. v. Continental Ins. Co., 674 So. 2d 86 (Fla. 1996) (adopting emergency Rule of Civil Procedure 1.061).

Here the trial court did not abuse its discretion in denying Taurus' motion to dismiss for forum non conveniens. Miami-Dade County was plaintiff's initial forum choice, and it is Taurus' headquarters where Taurus markets, distributes, and services firearms. As this court has previously observed, "[a] forum non conveniens argument coming from a party sued where he resides is both puzzling and strange." Cardoso v. FPB Bank, 879 So. 2d 1247, 1250 (Fla. 3d DCA 2004) (internal quotations omitted) (affirming denial of motion to dismiss for forum non conveniens in a case that "involves the exceptional situation in which the defendant has been sued in his own forum and has objected that his home forum is inconvenient"). Based on the factors outlined in Rule 1.061 and Kinney, we cannot conclude that the trial court abused its discretion in finding that the defendants here failed to meet their high burden of proof for dismissal on the ground of forum non conveniens. Accordingly, we affirm.

Affirmed.

3