# Third District Court of Appeal

## State of Florida

Opinion filed March 31, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-388
Lower Tribunal No. 19-1681
_____

**Wendy Fasang-Brown, et al.,**
Appellants,

vs.

**Visit Us, Inc., etc.,**
Appellee.

An appeal from the Circuit Court for Miami-Dade County, Barbara Areces, Judge.

Philip D. Parrish, P.A. and Philip D. Parrish; The Law Offices of Robert Parks, P.L., and Gabriel A. Garay, for appellants.

Lewis Brisbois Bisgaard & Smith LLP, and Todd R. Ehrenreich, David L. Luck, and Jenna L. Fischman, for appellee.

Before LOGUE, LINDSEY, and LOBREE, JJ.

LOGUE, J.

Wendy Fasang-Brown and her husband, Troy Brown, appeal the dismissal of their complaint against Visit Us, Inc., a Florida corporation, on forum non conveniens grounds. This case presents an example of the unusual circumstance in which a lawsuit against a defendant domiciled in the plaintiff's chosen forum may nevertheless be dismissed on forum non conveniens grounds.

## I.      Facts and Procedural Background

In 2017, the couple, both United States citizens and residents of Texas, were on vacation at the Iberostar Grand Hotel Rose Hall in Jamaica (the "Hotel").[1] While in their room, Mrs. Fasang-Brown slipped on a liquid that had leaked from the ceiling. The couple sued Iberostar Hoteles y Apartamentos, S.L., ("Iberostar"), a Spanish corporation domiciled in Spain,[2] and Visit Us, Inc., a Florida corporation with its principal place of business in Miami-Dade County, alleging negligence claims arising from the slip and fall. Mrs. Fasang-Brown alleged that she suffered severe personal injuries from the fall, including a fractured elbow.

In Count V of the amended complaint, the Plaintiffs alleged vicarious liability against Visit Us based on a joint venture with the Hotel regarding

---

[1] The Hotel is not a party to this action.

[2] The Plaintiffs voluntarily dismissed their claims against Iberostar.

ownership and operation of the Jamaican resort. Based on the uncontroverted affidavit of its general manager, Visit Us is an Iberostar affiliate that manages a travel booking website for Iberostar-branded resorts. The Plaintiffs, however, did not book their hotel stay through Visit Us. The Hotel is owned and operated by Branch Developments Limited, a Jamaican company domiciled in Jamaica. Branch Developments is also an Iberostar affiliate, however day-to-day operations are run by its own management.

Visit Us moved to dismiss the complaint asserting the proper venue for the case was Jamaica because the alleged negligent action occurred in Jamaica, the initial medical treatment occurred in Jamaica, and a potential third-party defendant—the Hotel's air conditioning contractor—is in Jamaica. Visit Us argued that "all, or substantially all, evidence and witnesses regarding liability for [the] injury are located in Jamaica," that Jamaican law would govern issues of both negligence and damages, and that if the action proceeded in Florida, Visit Us would not be able to interplead the Jamaican air conditioning contractor for lack of personal jurisdiction. Visit Us consented to the jurisdiction of Jamaica's courts and waived all statute of limitations defenses.

In response, the Plaintiffs submitted an affidavit by Mrs. Fasang-Brown. She asserted that her substantive medical treatment occurred in

Texas, her medical providers and primary treating physician are in Texas, and that she has no means to compel her treating physician to travel to Jamaica to testify on her behalf. She further claimed that the only witnesses to the fall and condition of the floor are her husband and herself.

After hearing extensive argument on the motion, the trial court granted dismissal. This timely appeal followed.

## II. Discussion

In Kinney System, Inc. v. Continental Insurance Co., 674 So. 2d 86, 93 (Fla. 1996), the Florida Supreme Court added Florida Rule of Civil Procedure 1.061 which adopted the federal doctrine of forum non conveniens with its by now well-known factors.[3] Both Florida state and federal courts have commented on the oddity of a forum defendant seeking to dismiss for forum non conveniens. See, e.g., Cortez v. Palace Resorts, Inc., 123 So. 3d 1085, 1097 (Fla. 2013); Taurus Int'l Mfg., Inc. v. Friend, 217 So. 3d 1133, 1134

---

[3] The rule outlines four factors the trial court may consider when ruling on a motion to dismiss for forum non conveniens: (1) whether "an adequate alternate forum exists which possesses jurisdiction over the whole case, including all of the parties"; (2) whether "all relevant factors of private interest favor the alternate forum, weighing in the balance a strong presumption against disturbing plaintiffs' initial forum choice"; (3) "if the balance of private interests is at or near equipoise," whether "factors of public interest tip the balance in favor of trial in the alternate forum"; and (4) whether the "plaintiffs can reinstate their suit in the alternate forum without undue inconvenience or prejudice." Fla. R. Civ. P. 1.061(a)(1)–(4).

4

(Fla. 3d DCA 2017).[4] Nevertheless, the residency of a defendant in the plaintiff's chosen forum remains but one of several factors that a trial court must consider when balancing the public and private interest factors required by Kinney.[5] See Cortez, 123 So. 3d at 1097 ("[T]he fact that the defendants are located in this country, and especially in this state, is one indication that it would be less burdensome for the defendants to defend suit in this country than it would be for [the plaintiff] to litigate in a foreign country." (internal quotations and citations omitted)).

---

[4] Aside from clarifying the presumption in favor of an out-of-state plaintiff's forum choice, the analysis in Cortez demonstrates that the presumption will be particularly difficult to overcome when a Florida defendant actually engages in some harmful conduct within Florida. Cortez, 123 So. 3d at 1096–97.

[5] Further, by blocking forum non conveniens dismissal in any case involving a Florida defendant, as the Plaintiffs appear to advocate, this Court would in effect create the exact scenario the Supreme Court sought to remove in adopting the federal forum non conveniens standard in Kinney, 674 So. 2d at 88:

> Under federal law governing diversity jurisdiction, a Florida lawsuit filed against a non-Florida defendant sometimes can be mandatorily removed to federal court and there dismissed based on the federal doctrine of forum non conveniens . . . . However, when a defendant is a Florida resident, removal may not be permitted. Thus, if Florida applies a less vigorous doctrine of forum non conveniens, the state actually is disadvantaging some of its own residents . . . .

(internal citations omitted).

Even when considering Visit Us' residency in Florida while weighing the private and public interest factors, the trial court did not abuse its discretion in dismissing this case for forum non conveniens. The Plaintiffs' alleged premises liability claim concerns an alleged joint venture to operate a Hotel in Jamaica. Mrs. Fasang-Brown received initial medical treatment in Jamaica. And an alleged third-party defendant is answerable only to the jurisdiction of the courts of Jamaica.[6]

Further, since the Plaintiffs did not book their vacation with Visit Us, no action in this case occurred in Florida. No witnesses to the alleged fall or Mrs. Fasang-Brown's personal damages are connected to Florida. To Mrs. Fasang-Brown's point that she is unable to compel her physician to testify in Jamaica, substantial difficulties also arise with compelling non-residents to testify in a civil case in the courts of Florida. See generally Washington v. State, 973 So. 2d 611 (Fla. 2d DCA 2010). The private interest factors strongly favor the venue of Jamaica.

---

[6] See Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1335 (11th Cir. 2011) (holding that trial court did not abuse its discretion in granting forum non conveniens dismissal based on the defendants' "inability to compel third-party witnesses or the production of documents from those witnesses, and the inability to implead potentially liable third-parties"); McLane v. Marriott Int'l, Inc., 547 F. App'x 950, 958 (11th Cir. 2013) (approving forum non conveniens dismissal where the defendant "could not compel the testimony of the alleged actual tortfeasors and could not implead the alleged actual tortfeasors as third party defendants").

6

The Plaintiffs attempt to situate their action in Florida by alleging a joint venture between Visit Us and the Hotel. The only connection between these two entities in the record is their affiliation to non-party Iberostar, domiciled in Spain. If any connection between Visit Us and the Hotel exists, it appears the evidence of such connection would be in Spain. Moreover, evidence of the operations of the Hotel, which could prove a joint venture, is -in Jamaica.

The public interest factors also weigh strongly in favor of Jamaica. Jamaica has a strong interest in litigating disputes involving its resorts and foreign tourists arising from injuries sustained in Jamaica.[7] Florida, on the other hand, would have little interest in litigating this dispute.[8] The Plaintiffs are not Florida residents. Mrs. Fasang-Brown was not injured in Florida. The Plaintiffs did not contract with any Florida party. Florida has little to no interest in the regulation of Jamaican hospitality corporations. The law to be applied to resolve the Plaintiffs' claims will likely be Jamaican law. Similarly, the law

---

[7] The Hotel is in Jamaica. It is operated by a Jamaican corporation, Branch Developments. It is regulated by Jamaican authorities. This is enough to demonstrate a nexus to Jamaica "sufficient to justify [Jamaica's] commitment of judicial time and resources" to this dispute. Abeid-Saba v. Carnival Corp., 184 So. 3d 593, 604 (Fla. 3d DCA 2016) (citing Kinney, 674 So. 2d at 92).

[8] See Kinney, 674 So. 2d at 93 ("The use of Florida courts to police activities even in the remotest parts of the globe is not a purpose for which our judiciary was created."); Singletary v. Grupo Pinero, 45 F. Supp. 3d 1369, 1374 (S.D. Fla. 2014) (finding that the United States had "minimal interest" in resolving a dispute involving a Maryland plaintiff injured at a Jamaican resort).

to be applied in calculating the Plaintiffs' potential damages will likely be either Jamaican law, or Texan law.

### III. Conclusion

The trial court did not abuse its discretion in dismissing this action for forum non conveniens. Even considering the defendant's residency in Florida, the Kinney factors weigh strongly in favor of dismissal for forum non conveniens.

Affirmed.