[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 18-13397
Non-Argument Calendar

————————————————

D.C. Docket No. 1:15-cv-24113-JLK

MELISSA WYLIE,

Plaintiff-Appellant,

versus

ISLAND HOTEL COMPANY LIMITED, et al.,

Defendants-Appellees.

————————————————

Appeal from the United States District Court
for the Southern District of Florida

————————————————

(May 22, 2019)

Before WILLIAM PRYOR, JORDAN, and GRANT, Circuit Judges.

PER CURIAM:

Melissa Wylie appeals the district court's post-remand dismissal of her negligence claims against Island Hotel Company Limited, Atlantis Holdings (Bahamas) Limited, and Bref Bahamas Limited stemming from her alleged slip and fall at the Atlantis Resort in The Bahamas.  The district court cited two alternative grounds for dismissal—forum non conveniens and a forum-selection clause contained in an agreement signed by Ms. Wylie's husband.

## I

While on vacation in The Bahamas, Ms. Wylie, her husband, and her young daughter visited the Atlantis Resort's water park and participated in its "Sea Squirts Little Aquarist Helpers Experience."  Before entering the experience, Ms. Wylie's husband signed a single page Acknowledgment, Agreement and Release, which contained a forum-selection clause naming The Bahamas as the exclusive venue for litigation stemming from events occurring in The Bahamas between the parties covered by the agreement.  Although Ms. Wylie did not sign the agreement, her husband named Ms. Wylie and their daughter as members of his traveling party and stated that he "ha[d] authority to sign on behalf of [him]self and the members of his traveling party."  D.E. 29-2.

While accompanying her daughter into the experience, Ms. Wylie alleges that she slipped on a step and fell, causing her to suffer severe injuries to her left knee, neck, back, and ankle.  Her injuries were severe enough to require surgery.

2

Ms. Wylie subsequently sued Island Hotel Co., Atlantis, and Bref Bahamas in the United States District Court for the Southern District of Florida, alleging that the defendants were negligent by failing to maintain safe premises and failing to warn her of dangerous conditions.[1]

The defendants moved to dismiss Ms. Wylie's claims based on the forum-selection clause in the agreement signed by Ms. Wylie's husband. In response, Ms. Wylie argued the agreement was not valid or enforceable against to her because she never signed it and had no notice of its forum-selection clause. *See Wylie v. Island Hotel Co. Ltd.*, No. 15-24113-CIV, 2017 WL 5483257, at *1 (S.D. Fla. Jan. 5, 2017) (hereinafter *Wylie I*). The district court concluded that the forum-selection clause was valid and granted the defendants' motion to dismiss. *See id.* (citing *Krenkel v. Kerzner Int'l Hotels, Ltd.*, 579 F.3d 1279, 1281 (11th Cir. 2009) (stating that a forum-selection clause is presumptively valid and enforceable unless the plaintiff produces evidence that enforcement would be unfair or unreasonable)). On appeal, we reversed the district court, holding that it failed to consider some of Ms. Wylie's arguments about the validity and enforceability of the forum-selection clause. *See Wylie v. Kerzner Int'l Bahamas Ltd.*, 706 F. App'x 577, 580 (11th Cir. 2017).

---

[1] Ms. Wylie resided in Illinois when she filed the operative complaint, but now resides in North Carolina. The defendants maintain their principal places of business in The Bahamas.

On remand, the district court ruled that (1) regardless of the forum-selection clause, the traditional doctrine of forum non conveniens justified dismissal, and (2) the forum-selection clause was valid and enforceable. *See Wylie v. Island Hotel Co. Ltd.*, No. 15-24113-JLK, 2018 WL 3421374, at *2–*4 (S.D. Fla. July 13, 2018) (hereinafter *Wylie II*).  In this second appeal, Ms. Wylie argues that the district court failed to follow the mandate of *Wylie I*, it abused its discretion applying forum non conveniens, and it erred in concluding the forum-selection clause was valid and enforceable.  After carefully reviewing the record and the parties' briefs, we affirm.

## II

We review the district court's application of our mandate de novo.  *See Transamerica Leasing, Inc. v. Inst. of London Underwriters*, 430 F.3d 1326, 1331 (11th Cir. 2005).  Ms. Wylie argues that, by dismissing her claims under the doctrine of forum non conveniens, the district court deviated from our mandate and violated the law of the case doctrine.  We disagree.

The law of the case doctrine states that all "findings of fact and conclusions of law by an appellate court are generally binding in all subsequent proceedings in the same case in the trial court or on a later appeal." *Id.* (quoting *Heathcoat v. Potts,* 905 F.2d 367, 370 (11th Cir. 1990)) (internal quotation marks omitted). The mandate rule is "a specific application of the law of the case doctrine," requiring a

4

district to enter an order in strict compliance with our mandate, without altering, amending, or reexamining it. *Id.* (internal quotation marks and citation omitted). The mandate rule does not, however, prevent the district court from addressing an issue that was not "determined, explicitly or by necessary implication," on the previous appeal. *Id*. at 1332. *See also Wheeler v. City of Pleasant Grove*, 746 F.2d 1437, 1440 (11th Cir. 1984). "[T]he trial court is free to address, as a matter of first impression, those issues not disposed of on appeal." *Transamerica Leasing*, 430 F.3d at 1331 (holding that the district court could address a standing issue on remand that was not decided on the previous appeal).

In *Wylie I*, we reversed the dismissal based on the forum-selection clause because the district court failed to consider certain arguments about the clause's validity and enforceability. *See Wylie*, 706 F. App'x at 579–80. On remand, however, the district court cited an alternative ground to dismiss Ms. Wylie's claims—the traditional forum non conveniens factors. We did not review or conduct a traditional forum non conveniens analysis on appeal in *Wylie I*, as our opinion focused on whether the forum-selection clause required Mrs. Wylie to litigate her claims in The Bahamas. *Id*. Stated another way, our opinion in *Wylie I* did not "determin[e], explicitly or by necessary implication," whether the traditional forum non conveniens factors justified dismissal. *See Transamerica*

5

*Leasing*, 430 F.3d at 1332. The district court therefore did not deviate from our mandate by dismissing Ms. Wylie's claims on that ground.

### III

Ms. Wylie also argues that district court committed reversible error in dismissing her claims for forum non conveniens. We reverse a district court's dismissal for forum non conveniens only "when there has been a clear abuse of discretion." *SME Racks, Inc. v. Sistemas Mecanicos Para Electronica, S.A.*, 382 F.3d 1097, 1100 (11th Cir. 2004) (quoting *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 257 (1981)). Our review under this standard "is 'extremely limited' and 'highly deferential.'" *See Aldana v. Del Monte Fresh Produce N.A., Inc.*, 578 F.3d 1283, 1288 (11th Cir. 2009) (quoting *In re Clerici,* 481 F.3d 1324, 1331 (11th Cir. 2007)). It "acknowledges that 'there is a range of choice for the district court and so long as its decision does not amount to a clear error of judgment we will not reverse even if we would have gone the other way had the choice been ours to make.'" *Id.* (quoting *McMahan v. Toto,* 256 F.3d 1120, 1128 (11th Cir. 2001)). In a forum non conveniens analysis, specifically, a district court abuses its discretion when it follows the wrong legal standard, fails to reasonably balance the relevant factors, or only looks at the current forum's disadvantages without weighing its advantages. *See SME Racks*, 382 F.3d at 1100. But "where the court has considered all relevant public and private interest factors, and where its balancing

of these factors is reasonable, its decision deserves substantial deference." *Piper Aircraft*, 454 U.S. at 257.

To obtain a dismissal under forum non conveniens, a defendant must establish that "(1) an adequate alternative forum is available, (2) the public and private factors weigh in favor of dismissal, and (3) the plaintiff can reinstate his suit in the alternative forum without undue inconvenience or prejudice." *Leon v. Miller Air, Inc.*, 251 F.3d 1305, 1311 (11th Cir. 2001). When the plaintiff is a United States citizen in a federal forum, and a foreign defendant seeks to dismiss the plaintiff's claims under forum non conveniens, the citizen's choice is afforded greater deference. *See SME Racks*, 382 F.3d at 1101. In such a case, the district court should dismiss for forum non conveniens only when it finds "positive evidence of unusually extreme circumstances, and should be thoroughly convinced that material injustice is manifest before exercising any such discretion as may exist to deny a United States citizen access to the courts of this country." *Id.* (quoting *La Seguridad v. Transytur Line*, 707 F.2d 1304, 1308 n.7 (11th Cir. 1983)) (internal quotation marks omitted). That is not to say that dismissal under forum non conveniens is automatically inappropriate when a citizen sues a foreign defendant in a U.S. forum. *See Aldana*, 578 F.3d at 1303. *See also Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1335 (11th Cir. 2011). The touchstone of forum non

7

conveniens is convenience, and no single factor is dispositive. *See La Seguridad*, 707 F.2d at 1307.

Ms. Wylie does not deny that The Bahamas is an adequate alternative forum. Nor does she contend that cannot reinstate her suit there without undue inconvenience or prejudice. Instead, she argues that the district court unreasonably balanced the private and public factors—the second prong of the forum non conveniens analysis. *See Leon*, 251 F.3d at 1311. We therefore focus of our review on those factors. *See Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004).

The district court concluded that both the private and public factors weighed in favor of dismissal. *See Wylie II*, 2018 WL 3421374, at \*2. This was not an abuse of discretion.

## A

At the outset, the district court applied the correct legal standard and acknowledged the strong presumption that afforded to a U.S. citizen suing in a federal forum. *See SME Racks*, 382 F.3d at 1101. Ms. Wylie asserts that "[t]he record is bereft of any actual analysis that applies the presumption in favor of Mrs. Wylie's chosen forum when balancing the private interest factors," but our review proves otherwise.

The district court citied the applicable standard from *SME Racks*, 382 F.3d at 1101–02, and it expressly stated that it would apply the high level of deference afforded to a U.S. citizen in a federal forum. *See Wylie II*, 2018 WL 3421374, at *2. In analyzing whether the private factors favored adjudicating Ms. Wylie's claims in The Bahamas, the district court also noted that it was "applying the appropriate level of deference to Plaintiff's choice of forum." *Id.* This case is therefore unlike others where we have concluded that the district court abused its discretion by not affording the plaintiff this presumption. *Compare SME Racks*, 382 F.3d at 1102 (where the district court "failed to articulate the relevant standards [for plaintiffs that are citizens of the United States] and failed to apply any presumption in its analysis"), *with Tazoe*, 631 F.3d at 1335 (where the district court "articulated the correct standard [and] gave [heightened] deference to the [citizen-plaintiff's] choice of forum").

**B**

The district court also balanced the relevant private factors, including (1) "ease of access to sources of proof"; (2) "availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses"; (3) "possibility of view of premises, if . . . appropriate to the action"; and (4) "all other practical problems that make trial of a case easy, expeditious and inexpensive." *Tazoe*, 631 F.3d at 1330 (quoting *Piper Aircraft*, 454 U.S. at 241

9

n.6).   The district court concluded that the private factors weighed in favor of dismissal because the incident giving rise to these claims occurred in The Bahamas, nearly all of the relevant evidence is located in The Bahamas, and a number of witnesses reside in The Bahamas.  *See Aldana*, 578 F.3d at 1293–94; *Satz v. McDonnel Douglas Corp.*, 244 F.3d 1279, 1284 (11th Cir. 2001).  The district court also noted that litigating her claims in The Bahamas, as opposed to Miami, would not inconvenience Ms. Wylie because she resides in North Carolina and would need to travel similar distances either way.[2]

Ms. Wylie does not challenge the district court's conclusions related to the location of the incident and the relevant evidence but argues that "[s]even of the ten [witnesses] are unnamed" and that the defendants have failed to show why the witnesses are unavailable in the United States.  Given the standard of review, these arguments are unconvincing.  We have never required defendants to "submit affidavits identifying precisely what witnesses they would call and what their testimony would be."  *Piper Aircraft,* 454 U.S. at 258.  The defendants need only "provide enough information to enable the District Court to balance the parties' interests."  *Id.*  Here, the defendants provided the names and/or occupations of the potential witness as well as their relevance, which was enough for the district court to balance the parties' interests.  In any event, the fact that a witness resides in The

---

[2] The defendants assert that Ms. Wylie would need to travel approximately 710 miles to Miami, Florida and approximately 771 miles to Nassau, Bahamas.

Bahamas, even if he or she is technically available, still affects the convenience of litigating this case in Miami. *See Aldana*, 578 F.3d at 1293–94 (affirming the dismissal for forum non conveniens was warranted where most evidence and witnesses were in Guatemala). Moreover, if witnesses in The Bahamas are unwilling to travel, the district court cannot compel them to testify. *See* Fed. R. Civ. P. 45(c); *Tazoe*, 631 F.3d at 1334 (citing the court's "inability to compel third-party witnesses or the production of documents from those witnesses"). In our view, the district court's conclusion that the private factors weigh in favor of dismissal was not an abuse of discretion.

## C

The district court also concluded that the public factors weighed in favor of dismissal. We agree. The "public interest factors include: (1) administrative difficulties flowing from court congestion; (2) local interest in having localized controversies resolved at home; (3) the interest in having the trial of a diversity case in a forum that is familiar with the law governing the action; (4) the avoidance of unnecessary problems in conflicts of law or in the application of foreign law; and (5) the unfairness of burdening citizens in an unrelated forum with jury duty."

11

*Aldana*, 578 F.3d at 1305 (citing *SME Racks*, 382 F.3d at 1100–01).  *See also*

*Piper Aircraft*, 454 U.S. at 241 n.6.[3]

In concluding that the public interest factors favored The Bahamas, the district court reasoned that The Bahamas has a superior interest in "determining the standards of conduct and the scope of liability for companies that do business there—particularly in a personal injury lawsuit involving The Bahamas' largest industry (tourism) and largest resort (Atlantis)."  *Wylie II*, 2018 WL 3421374, at *3.  It also highlighted the burden that this case would impose on the courts and the residents in Miami, who have no specific interest in the outcome.  *See Chierchia v. Treasure Cay Servs.*, 738 F. Supp. 1386, 1389 (S.D. Fla. 1990).

In response, Ms. Wylie argues that the U.S. has an interest in the litigation because the defendants advertise and do business in Florida and throughout the U.S.   Ms. Wylie does not articulate how—apart from affording personal jurisdiction—the defendants' advertising would make Miami a more convenient forum to litigate her claims.  It is even less clear how the any national interest created by the defendants' advertising would outweigh The Bahamas' interests in litigating a local incident involving Bahamian entities that are part of its most predominant industry.  *See Horberg v. Kerzner Int'l Hotels Ltd.*, 744 F. Supp. 2d

---

[3] We have sometimes said that a district court is not required to consider the public interest factors unless "the private factors are at or near equipoise."  *See Leon*, 251 F.3d at 1311.  In this case, however, the district court still weighed the public factors, which is the "better rule" and the more common practice in our Circuit.  *See id.*

1284, 1296 (S.D. Fla. 2007) (concluding that "[t]he Bahamas ha[d] a much stronger local interest in deciding" that action because the defendants were Bahamian entities, the incident occurred in The Bahamas, the case involved a prominent Bahamian resort, and tourism is the largest industry in The Bahamas).

Ms. Wylie also argues that the district court erred in weighing the public interest factors by not determining whether Bahamian or Florida law applied to her claims. Although one of the public interest factors considers whether the case will raise "unnecessary problems in conflicts of law or in the application of foreign law," *see Aldana*, 578 F.3d at 1305, the district court did not rely on this factor to dismiss Ms. Wylie's claims. *Cf. Tazoe*, 631 F.3d at 1334. We do not require the district court to explicitly consider every private and public interest factor. *See Satz*, 244 F.3d at 1282; *Leon*, 251 F.3d at 1311. For example, the district court should not be required to perform a complex conflict-of-law analysis when the plaintiff concedes, as Ms. Wylie does here, the two forums' relevant laws are "nearly identical." *See Fioretti v. Mass. Gen. Life Ins. Co.*, 53 F.3d 1228, 1234 & n.20 (11th Cir. 1995); *Cooper v. Meridian Yachts, Ltd.*, 575 F.3d 1151, 1171 (11th Cir. 2009). *See also Aldana*, 578 F.3d at 1306 (Kravitch, J., dissenting). This is especially true when the relevant private and public factors weigh in favor of dismissal. *See Leon*, 251 F.3d at 1311. *See also Satz*, 244 F.3d at 1284.

In sum, the district court did not abuse its discretion in concluding that the public interest factors supported dismissing Ms. Wylie's claims.

## IV

For these reasons, we affirm the district court's dismissal for forum non conveniens, and we do not address whether the forum-selection clause was valid and enforceable against Ms. Wylie.

**AFFIRMED.**