[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-11321

Non-Argument Calendar

_____

PAUL FOSHEE,
as temporary administrator of
the estate of Mira Foshee, Paul Foshee,
individually,
SOUME FOSHEE,
individually,

Plaintiffs-Appellants,

*versus*

WALTER LEE BANKS,
individually,
LA PAZ WATERFALL & PEACE LODGE,
a foreign corporation,
JARDINES DE LA CATARATA,

a foreign corporation,

                                            Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:20-cv-62699-WPD

_____

Before LAGOA, BRASHER, and ANDERSON, Circuit Judges.

PER CURIAM:

Appellants Paul and Soume Foshee appeal the district court's order dismissing their wrongful death case against Appellees Walter Banks, La Paz Waterfall & Peace Lodge, and Jardines de la Catarata.  The district court held that it did not have personal jurisdiction over La Paz Waterfall & Peace Lodge and Jardines de la Catarata ("The Lodge").  The district court dismissed the entire lawsuit under the doctrine of forum non conveniens.

While on a family trip to Costa Rica, Appellants were walking along a paved pathway on the Lodge's premises with their two children when a dead or diseased tree suddenly fell and struck the head of their 14-year-old daughter Mira Foshee, resulting in her death soon afterwards.  Appellants alleged that Appellees were negligent in failing to perform forest studies; in failing to maintain

and repair the tree; in creating an unsafe and dangerous condition at the premises; in failing to cut down the tree; and in failing to close off the pathway.

I.

We review a district court's exercise of personal jurisdiction de novo and its factual findings for clear error. *AcryliCon USA, LLC v. Silikal GmbH*, 985 F.3d 1350, 1363 (11th Cir. 2021) "A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction. Where, as here, the defendant challenges jurisdiction by submitting affidavit evidence in support of its position, the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction." *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1257 (11th Cir. 2010) (internal citations and quotations omitted).

"A federal court sitting in diversity undertakes a two-step inquiry in determining whether personal jurisdiction exists: the exercise of jurisdiction must (1) be appropriate under the state long-arm statute and (2) not violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution. When a federal court uses a state long-arm statute, because the extent of the statute is governed by state law, the federal court is required to construe it as would the state's supreme court." *Id.* at 1257-58 (quotations and citations omitted).

"A court may assert general jurisdiction[1] over foreign (sister-state or foreign-country) corporations, without offending due process when their affiliations with the State are so continuous and systematic as to render them essentially at home in the forum State." *Waite v. All Acquisition Corp.*, 901 F.3d 1307, 1317 (11th Cir. 2018) (internal citations and quotations omitted). However, "only a limited set of affiliations with a forum" will render a defendant at home there. *Daimler AG v. Bauman*, 571 U.S. 117, 137, (2014). The corporation's place of incorporation and its principal place of business form the "paradigm all-purpose forums." *Id.* Beyond those two, there would have to be an "exceptional case." For example, a defendant's operations would have to "be so substantial and of such a nature as to render the corporation at home in that State." *BNSF Ry. Co. v. Tyrrell*, 581 U.S. 402, 137 S. Ct. 1549, 1558 (2017) (internal quotation marks omitted). Thus the burden of proving an exceptional case is heavy and "even 'substantial, continuous, and systematic' business is insufficient to make a company 'at home' in the state." *Waite*, 901 F.3d at 1317-18. We have held that no exceptional situation existed where the defendant had a Florida bank account, had two Florida addresses, purchased insurance from Florida companies, filed financial statements with the Florida Secretary of State, and joined a trade organization based in

---

[1] In the district court and on appeal, Appellants argue only for general jurisdiction, and do not argue for specific jurisdiction. Accordingly, any claim under specific jurisdiction is abandoned.

Florida. *Carmouche v. Tamborlee Management, Inc.*, 789 F.3d 1201 (11th Cir. 2015).

Here, the Defendant business, La Paz Waterfall & Peace Lodge and Jardines de la Catarata, is a Costa Rican corporation with its principal place of business in Costa Rica.[2]  As the district court recounted, Appellees provided an unrebutted affidavit declaring the business had never operated, conducted, engaged in, or carried on business in Florida or the United States.  Further, it solicits business worldwide and does not specifically target Florida; it has no financial or legal relationship with the Lago Mar Resort in Florida; it does not maintain offices or employ anyone outside of Costa Rica; it does not have a registered agent or mailing address in Florida; and it has never entered into contracts, owned a bank account, owned any assets, incurred or paid any local or state taxes, held any licenses, or leased any property in Florida.  In light of that unrebutted evidence and the heavy burden imposed by precedent, Appellants' argument based on a Florida citizen's ownership of the corporation, the perceived Florida reservation system, and the advertisement that the lodge was a sister corporation to the Florida Lago Mar Resort do not rise to the level of "substantial, continuous, and systematic business" that would bring the Defendant corporation under the exceptional case.  Therefore, the district court

---

[2] As recounted in the district court opinion, although the complaint lists the two as separate corporate entities, they assert they are one and the Appellants make no arguments in opposition.

was correct that the Appellants have not established personal jurisdiction over the Defendant corporation.

## II.

We review forum non conveniens dismissals for abuse of discretion, giving the district court's decision substantial deference. *Leon v. Millon Air, Inc.*, 251 F.3d 1305, 1310 (11th Cir. 2001). The party moving for dismissal must demonstrate that an adequate alternative forum is available, public and private factors weigh in favor of dismissal, and the plaintiff can reinstate his suit in the alternative forum without undue inconvenience or prejudice. *Id.* The Appellants here do not challenge the fact that the Costa Rican forum is available and adequate, nor do they challenge that they can reinstate their action there. Thus, the only issue before us with respect to forum non conveniens is the balancing of the private and public interest factors against the presumption in favor of a United States citizen's choice of a United States forum.

In *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947), the Supreme Court outlined the relevant public and private interest factors. The Court set out this non-exhaustive list of considerations to be weighed when determining the private interest factors:

> Important considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to

the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. There may also be questions as to the enforceability of a judgment if one is obtained. The court will weigh relative advantages and obstacles to fair trial. It is often said that the plaintiff may not, by choice of an inconvenient forum, 'vex,' 'harass,' or 'oppress' the defendant by inflicting upon him expense or trouble not necessary to his own right to pursue his remedy.

*Id.* at 508.    "A correct 'private interest' analysis begins with the elements of the plaintiff's causes of action. The court must then consider the necessary evidence required to prove and disprove each element. Lastly, the court should make a reasoned assessment as to the likely location of such proof." *Ford v. Brown*, 319 F.3d 1302, 1308 (11th Cir. 2003). The "relative ease of access to sources of proof" is "[p]erhaps the most important private interest of the litigants." *Id.*

The Supreme Court continued with public factors to be considered:

Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation. In cases which touch the affairs of many persons, there is reason for holding the trial in their view and reach

> rather than in remote parts of the country where they can learn of it by report only. There is a local interest in having localized controversies decided at home. There is an appropriateness, too, in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself.

330 U.S. at 508-09.

The plaintiff's choice of forum "should rarely be disturbed" and defendants must show manifest injustice and provide "positive evidence of unusually extreme circumstances." *SME Racks, Inc. v. Sistemas Mecanicos Para Electronica, S.A.*, 382 F.3d 1097, 1101 (11th Cir. 2004). However, the Supreme Court has cautioned that "dismissal is not automatically barred when a plaintiff has filed suit in his home forum." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 256 n.23 (1981).

Here, Appellants argue that the district court employed an incorrect forum—that of Florida rather than the United States—when contrasting with the forum of Costa Rica. They also argue that the court unreasonably found the compulsory process factor favored Costa Rica, and misapplied other private interest factors. They also argue that the court improperly weighed the public interest factors.

Although Appellants are correct that the district court should have used the United States as the forum to contrast with Costa Rica, *see Esfeld v. Costa Corciere, SPA*, 289 F.3d 1300, 1303 (11th Cir. 2002), this mistake did not undermine its crucial reasoning. And it did not abuse its discretion when it dismissed the action under the forum non conveniens doctrine. Looking at the elements of the causes of action that the Appellants brought, the court correctly assessed the central issue of the case would be the standard of care for maintaining or inspecting a tree in a rainforest, and the application of that standard to the facts of this case. Another issue would be the cause of death. Evidence about those issues is found almost exclusively in Costa Rica. As the court noted, all acts of alleged negligence took place in Costa Rica; all witnesses besides Appellants reside in Costa Rica. All documentary evidence is in Costa Rica; the post-accident investigation was conducted and the resulting reports are in Costa Rica; and all relevant medical records are in Costa Rica. Similarly, only the Appellants and their son are located in the United States; all of the other witnesses are in Costa Rica. Although Appellants argue that as eye-witnesses to the accident, they are the most important witnesses, this is not necessarily so. There apparently is no dispute but that the tree fell on and injured Mira. And there is little else, if anything, that the Foshees can add about the state of the tree before the accident or the measures the Appellees took to ensure the safety of visitors. In sum, the district court was correct that the crucial evidence was almost exclusively found in Costa Rica.

Additionally, the compulsory process factor favors the Costa Rican forum. With no personal jurisdiction over the Lodge, the primary defendant in the case is no longer before the Florida district court.[3] But, even if there were personal jurisdiction over the Lodge, there were a significant number of witnesses who were not employees of the Lodge and over which there would be no compulsory process to testify in Florida.

In both of its orders, the district court included a comprehensive discussion of the private interest factors and a balancing of same against the presumption in favor of a United States plaintiff's choice of a United States forum. We cannot say the district court abused its discretion in concluding that the private interests weighed strongly in favor of a Costa Rican forum.[4] Similarly, we conclude that the district court did not abuse its discretion in weighing the public interest factors. Because the court did not

---

[3] It appears that defendant Banks may merely be the sole shareholder of the Lodge, which is apparently a corporate entity. A motion to dismiss for failure to state a claim in the absence of allegations piercing the corporate veil was filed in the district court, but the district court did not rule on it.

[4] To the extent that Appellants argue that the Appellees were required to submit affidavits setting forth the witnesses' testimony, that argument is not supported by the case law. The Supreme Court in *Piper* stated that "defendants must provide enough information to enable the District Court to balance the parties' interests." 454 U.S. at 258. The information Appellees submitted allowed the district court to evaluate the potential content of the witnesses' testimony and evaluate its value.

abuse its discretion in weighing the private and public interest factors, it did not abuse its discretion in dismissing the action for forum non conveniens.

**AFFIRMED.**[5]

---

[5] The Lodge's Motion for Damages and Double Costs is DENIED.